IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Tina Rose,

    Plaintiff,

v.

Commercial Truck Terminal, Inc.
d/b/a Citgo Auto Truck Plaza, a Florida Corporation,
and Brad Parton, individually,

    Defendants.
_____/

Case No: 8.06cv901-T17 TGW

JURY TRIAL DEMANDED

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Preliminary Statement

1. PLAINTIFF TINA ROSE worked for Defendants as a manager at their Haines City, Florida location and became pregnant during her employment. Ms. Rose developed a pregnancy related condition called threatened abortion,[1] which necessitated bed rest and emergency medical leave. Shortly after she went out on leave, Ms. Rose's supervisor informed her that she would be discharged if she failed to report for work. When Ms. Rose reported for work, against medical advice, in order to protect her job, she miscarried and defendant terminated her employment shortly thereafter in violation of the Family Medical Leave Act (FMLA), 29 U.S.C. Section 2601, et.seq., the Pregnancy Discrimination Act (PDA), 42 U.S.C. Section 2000e(k), Title VII of the Civil Rights Act of 1964, as amended,(Title VII) and the Florida Civil Rights Act of 1992 (FCRA).

### JURISDICTION AND VENUE

---

[1] Threatened abortion is mild vaginal bleeding during pregnancy usually associated with backache and lower abdominal cramping.



2. Jurisdiction of this Court is invoked pursuant to 29 U.S.C. §2617(a)(2) (FMLA); 42 U.S.C. §2000e(f)(1)(3) (Title VII); §2000e-5 (PDA); and 28 U.S.C. §1331 (federal question).

3. Ms. Rose's state law claims arise out of the same common nucleus of facts and therefore supplemental jurisdiction is invoked pursuant to §1367.

4. Venue is proper pursuant to 28 U.S.C. §1391(b).

## PARTIES

5. Tina Rose is a resident of Haines City, Florida. At all relevant times she was a pregnant female or a female with a pregnancy related condition.

6. Ms. Rose worked for Defendant for over one year and worked at least 1250 hours during the course of her last year of employment.

7. At all relevant times, Defendant Commercial Truck Terminal, Inc. d/b/a Citgo Auto Truck Plaza (Citgo) was a Florida corporation that has been continuously doing business in the State of Florida and the City of Haines City, Florida, and has continuously employed at least 15 employees.

8. At all relevant times, Defendant Citgo has continuously employed at least 50 employees within a 75 mile radius.

9. At all relevant times, Defendant Citgo, has continuously been an employer engaged in industry affecting commerce within the meaning of Title VII and the PDA. 42 U.S.C. §§ 2000e.

10. At all relevant times, Defendant Citgo, was an employer within the meaning of the FCRA.

11. At all relevant times, Defendant Citgo was an employer engaged in industry affecting commerce within the meaning of the FMLA.

12. At all relevant times, Defendant Parton, worked at Defendant Citgo's Haines City location as general manager, was Ms. Rose's supervisor and acted directly or indirectly in the interest of the employer to any employee. Defendant Parton is being sued under the FMLA only.

## GENERAL ALLEGATIONS

13. Tina Rose initially worked for Defendant Citgo from 1994-2000, when she resigned her position during her first pregnancy when she developed a pregnancy related condition known as placenta previa.[2]

14. Ms. Rose returned to work with Defendant in 2002.

15. In approximately October/ November 2004, Ms. Rose discovered that she was pregnant again.

16. On Sunday, November 14, 2004, Ms. Rose began cramping and bleeding and was rushed to the emergency room, where she was diagnosed with threatened abortion and ordered to bed rest.

17. The following day, Monday, November 15, 2004, Ms. Rose's fiancé informed Defendants of Ms. Rose's need for Family Medical Leave due to the pregnancy related medical condition of threatened abortion.

18. During her leave, Defendant Parton, acting on behalf of Defendant Citgo, told Ms. Rose that she would be fired if she didn't report to work, even though Ms. Rose told Defendant Parton that if she went into work she could "loose her baby".

---

[2] Placenta previa is a pregnancy related condition where the placenta begins to break away from the uterine wall during gestation.

3

19. Ms. Rose reported to work on Thursday, November 18, 2004 and by Friday, November 19, 2004, Ms. Rose miscarried.

20. Ten days later, on November 29, 2004, Defendant Citgo terminated Ms. Rose.

21. Defendants' actions as described above were willful.

22. Defendant Citgo's actions as described above were reckless and showed a callous disregard for Ms. Rose's federally and statutorily protected rights.

## ADMINISTRATIVE REMEDIES EXHAUSTED

23. Ms. Rose filed a timely charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC). The EEOC issued a Notice of Right to Sue on February 12, 2006.

24. The FCHR never made a determination regarding Ms. Rose's claims. More than 180 days have passed since Ms. Rose filed her charge of discrimination in December 2004.

## CLAIMS FOR RELIEF

### COUNT I. FAMILY MEDICAL LEAVE ACT (RETALIATION)

25. Plaintiff incorporates paragraphs 1-21 by reference.

26. As a result of Defendant Citgo's actions as described above, Ms. Rose suffered injury and damages, including but not limited to actual damages for lost wages, lost benefits, other compensation, and liquidated damages, for Defendant's willful disregard of her rights. 29. U.S.C. §2617.

### COUNT II. FAMILY MEDICAL LEAVE ACT (INTERFERENCE)

27. Plaintiff incorporates paragraphs 1-21 by reference.

28. As a result of Defendants' actions as described above, Ms. Rose suffered injury and damages, including but not limited to actual damages for lost wages, lost benefits, other compensation, and liquidated damages, for Defendants' willful disregard of her rights. 29. U.S.C. §2617.

### COUNT III. PREGNANCY DISCRIMINATION ACT (UNEQUAL TREATMENT OF EMPLOYMENT RELATED PURORPOSES)

29. Plaintiff incorporates paragraphs 1-20 and 22 by reference.

30. As a result of Defendant Citgo's actions as described above, including failing to provide her leave in accordance with the FMLA in the same manner as non-pregnant employees, Ms. Rose suffered injury and damages, including but not limited to actual damages for lost wages, and seeks compensatory damages for severe emotional distress and punitive damages for Defendants callous and reckless disregard of her rights. 42. U.S.C. Section 2000e-5(g).

### COUNT IV. TERMINATION (TITLE VII/ PREGNANCY DISCRIMINATION ACT)

31. Plaintiff incorporates paragraphs 1-20 and 22 by reference.

32. As a result of Defendant Citgo's actions as described above, Ms. Rose suffered injury and damages, including but not limited to actual damages for lost wages, and seeks compensatory damages for severe emotional distress and punitive damages for Defendants callous and reckless disregard of her rights. 42. U.S.C. Section 2000e-5(g).

### COUNT V. FLORIDA CIVIL RIGHTS ACT

33. Plaintiff incorporates paragraphs 1-20 and 23 by reference.

34. As a result of Defendant Citgo's actions as described above, Ms. Rose suffered injury and damages, including but not limited to actual damages for lost wages, and seeks compensatory damages for severe emotional distress and punitive damages for Defendants callous and reckless disregard of her rights pursuant to F.S. Section 760.11(5).

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Rose prays that this honorable Court enter an order:

A) Declaring that Defendant Citgo violated Ms. Rose's rights under the PDA as set forth herein; and

B) Declaring that Defendant Citgo violated Ms. Rose's rights under Title VII as set forth herein; and

C) Declaring that Defendant Citgo violated Ms. Rose's rights under the FCRA as set forth herein; and

D) Enjoining Defendant Citgo from future violations of the PDA, Title VII, and the FCRA as set forth herein; and

E) Granting Judgment in favor of Ms. Rose on all counts, including an award of damages as set forth herein, including interest, plus costs and attorneys' fees under 42 U.S.C. Section 1988, 29 U.S.C. Section 2617, and other applicable statutes; and

F) Granting such other relief as this Court deems just and proper.

Respectfully Submitted,

*Adria Lynn Silva*
ADRIA LYNN SILVA
Florida Bar No. 0137431
Harris & Helwig, P.A.
Post Office Box 770849
Naples, Florida 34107-0849
239-514-4855 direct line/ facsimile
239-571-2855 cellular phone
AdriaLynnSilva@aol.com

Peter F. Helwig
Florida Bar No.: 0588113
Harris & Helwig, P.A.
6700 South Florida Avenue, Suite 31
Lakeland, Florida 33813
863-648-2958 telephone
863-619-8901 facsimile